## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　v.<br><br>AVX CORPORATION, *et al.*,<br>　　　Defendants.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>　　　Plaintiff,<br><br>　　　v.<br><br>AVX CORPORATION, *et al.*,<br>　　　Defendants. | CIVIL ACTION NO. 83-3882-Y |

### SUPPLEMENTAL CONSENT DECREE WITH DEFENDANT AVX CORPORATION

This Supplemental Consent Decree ("Supplemental Decree"), upon entry by the Court,

supplements and modifies the Consent Decree with Defendant AVX Corporation that was

entered by this Court on February 3, 1992 with regard to the New Bedford Harbor Site (the

"1992 Consent Decree") by adding new provisions, deleting certain provisions, and revising

certain other provisions, which affect the parties' rights and obligations only on and after the date

of entry of this Supplemental Decree. Except as specifically provided in this Supplemental

Decree, all provisions of the 1992 Consent Decree otherwise remain in full force and effect. The

1992 Consent Decree is attached hereto as Appendix A.

The 1992 Consent Decree resolved the claims that the United States of America ("United

States") and the Commonwealth of Massachusetts ("Commonwealth") (collectively referred to as

"Plaintiffs") then had against AVX Corporation ("AVX").

This Supplemental Decree resolves claims that Plaintiffs now seek to assert against AVX, which claims Plaintiffs contend are authorized or provided for in Paragraphs 16 and 18 of the 1992 Consent Decree.

Together, the 1992 Consent Decree and this Supplemental Decree resolve Plaintiffs' claims against AVX with regard to the New Bedford Harbor Site except as set forth in these Decrees.

## Introduction

Subsequent to the entry of the 1992 Consent Decree, the United States Environmental Protection Agency ("EPA") implemented the remedy for Operable Unit 2 ("OU2") at the Site, as set forth in the April 6, 1990 Record of Decision ("ROD"), as modified. EPA completed the work for the OU2 remedy in May 2000.

On September 25, 1998, EPA issued a ROD selecting the remedy for Operable Unit 1 ("OU1") at the Site, including the State enhanced remedy. The Commonwealth concurred on the OU1 selected remedy. The remedy for OU1, as modified, at the Site includes: the dredging and disposal of contaminated sediment; construction of on-site containment facilities for dredged sediment contaminated with polychlorinated biphenyls; long-term monitoring and maintenance of the facilities; long-term monitoring of the Site; and institutional controls.

Following the issuance of the OU1 ROD, from 1999 through 2004, EPA performed remedial design and remedial action activities. In 2004, EPA began full-scale dredging of contaminated sediment as part of the OU1 remedy.

Pursuant to a cost-sharing agreement known as the "Superfund State Contract Between the Commonwealth of Massachusetts and the U.S. Environmental Protection Agency for the Response Related to the New Bedford Harbor Site Upper and Lower Harbor Operable Unit, New

2

Bedford, Massachusetts," last executed on February 28, 2000, as amended, the Commonwealth has been, *inter alia*, obligated to fund and has funded a portion of the OU1 remedy that EPA has performed, and the Commonwealth has been obligated to perform certain operation and maintenance activities.

The United States and the Commonwealth assert that the conditions giving rise to claims against AVX, as set forth in the reservations of rights in Paragraphs 16 and 18 of the 1992 Consent Decree, have occurred, thereby allowing Plaintiffs to seek from AVX response costs or performance of the OU1 remedy.

On April 18, 2012, EPA issued to AVX a Unilateral Administrative Order (Docket No. CERCLA-01-2012-0045) ("Administrative Order"), pursuant to Section 106 of CERCLA, 42 U.S.C. § 9606, and the 1992 Consent Decree, directing AVX to perform a remedial design and to implement the remedial design by performing a remedial action and performing operation and maintenance of such remedial action for the OU1 remedy.

The parties have engaged in good faith negotiations with one another to resolve the allegations and rights of Plaintiffs under Paragraphs 16 and 18 of the 1992 Consent Decree and the defenses and rights of AVX regarding Plaintiffs' claims.

The United States, the Commonwealth, and AVX agree, and by modifying the 1992 Consent Decree as provided in this Supplemental Decree, this Court finds that the settlement memorialized in this Supplemental Decree, without prolonged and complicated litigation and without the admission or adjudication of any issue of fact or law, is the most appropriate means of resolving the parties' claims and defenses, will expedite the cleanup of the New Bedford Harbor Site, and that this Supplemental Decree is fair, reasonable, and in the public interest.

3

Upon entry of this Supplemental Decree by this Court, EPA will withdraw the Administrative Order and AVX will withdraw its Freedom of Information Act requests (to EPA, the United States Department of Justice and the United States Army Corps of Engineers) and Massachusetts Public Records Law requests to the Commonwealth (including to the Department of Environmental Protection).

The parties to the 1992 Consent Decree have entered into this Supplemental Decree supplementing or modifying certain provisions of the 1992 Consent Decree specifically related to the claims asserted by Plaintiffs, by adding new provisions, deleting certain provisions, and revising certain other provisions subject to Court approval, as specified herein.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED:

This Supplemental Decree supplements or modifies those provisions of the 1992 Consent Decree as specified herein by adding new provisions, deleting certain provisions, and revising certain other provisions, which affect the parties' rights and obligations only on and after the date of entry of this Supplemental Decree. Except as specifically provided in this Supplemental Decree, all provisions of the 1992 Consent Decree otherwise remain in full force and effect. In the case of any conflict between the 1992 Consent Decree and this Supplemental Decree, this Supplemental Decree shall control. Further, nothing in this Supplemental Decree shall limit, modify or otherwise affect the rights or obligations of any party in either the *Administrative Settlement Agreement and Order on Consent for Non-Time Critical Removal Action* (CERCLA Docket No. 01-2010-0017) between AVX and EPA, effective June 3, 2010, or the *Administrative Consent Order and Notice of Responsibility in the Matter of AVX Corporation,* File No. ACO-SE-09-3P-016, Release Tracking Number 4-0601 between AVX and the Commonwealth. having an effective date of June 3, 2010.

4

## Jurisdiction

1.      The United States District Court for the District of Massachusetts ("Court") has jurisdiction over the subject matter of this action and the parties to this Supplemental Decree pursuant to 28 U.S.C. §§ 1331 and 1345, Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), Section 7003 of RCRA, 42 U.S.C. § 6973, Section 504 of the CWA, 33 U.S.C. § 1564, and Section 13 of the 1899 Act, 33 U.S.C. § 407, and has pendent jurisdiction over the claims arising under state law. This Court has personal jurisdiction over AVX which, for purposes of this Supplemental Decree, waives all objections and defenses that it may have to jurisdiction of the Court or to venue in this District.

## Applicability of Supplemental Decree

2.      Paragraph 2 in the 1992 Consent Decree is unchanged except that:

A.      In the first sentence of Paragraph 2.A., the location of AVX's executive offices is changed from "New York, New York" to "Fountain Inn, South Carolina";

B.      At the end of the initial clause of the final sentence of Paragraph 2.A., "of the 1992 Consent Decree and Paragraph 16 of this Supplemental Decree" is inserted after "Paragraphs 14 and 15" and before the comma; and

C.      At the end of Paragraph 2.C. "including the Massachusetts Department of Transportation, including as successor to Massachusetts Department of Public Works" is inserted after "permitted by law" and before the period.

3.      The provisions of this Supplemental Decree shall apply to and be binding on the United States and the Commonwealth and on AVX and its successors and assigns. Changes in the ownership or corporate form or status of AVX shall have no effect on AVX's obligations under this Supplemental Decree.

5

**Effect of Settlement**

4.      This Supplemental Decree was negotiated and executed by the parties hereto in good faith to avoid expensive and protracted litigation and is a fair and equitable settlement of claims which were contested as to validity, liability and amount. Neither this Supplemental Decree, nor any part thereof, nor the entry into, nor any performance under this Supplemental Decree by AVX shall constitute or be construed as a finding or admission or acknowledgement of the factual or legal allegations contained in the Complaints, Administrative Order, or other pleadings in this case, of any liability, fault or wrongdoing, or evidence of such, or an admission of violation of any law, rule, regulation, or policy, by AVX, or by its parent company, affiliates, subsidiaries or related entities, directors, officers, stockholders, employees, agents, assigns, trustees, contractors, or successors or predecessors (including their respective parent companies, affiliates, subsidiaries or related entities, directors, officers, stockholders, employees, agents, assigns, trustees, and contractors), nor shall this Supplemental Decree nor any performance hereunder create any rights on behalf of any other person not a party to this Supplemental Decree. AVX expressly reserves any and all rights (including any right to contribution), defenses, claims, demands, and causes of action which it may have with respect to any matter, action, event, claim or proceeding relating in any way to the New Bedford Harbor Site (as hereafter defined) against any other person not a party to this Supplemental Decree. AVX further specifically reserves the right to contest any allegations in the Complaints, Administrative Order, or other pleadings in this case, except as otherwise specified herein. Additionally, pursuant to Section 122(d)(1)(B) of CERCLA, 42 U.S.C. § 9622(d)(1)(B), the fact of AVX's participation in this Supplemental Decree shall not be admissible in any judicial or

6

administrative proceeding other than as provided in this Supplemental Decree, or in a suit for contribution.

5.      Upon approval and entry of this Supplemental Decree by the Court, the 1992 Consent Decree, as modified by this Supplemental Decree, shall constitute a final judgment between and among Plaintiffs and AVX.

## Definitions

6.      This Supplemental Decree incorporates the definitions set forth in Section 101 of CERCLA, 42 U.S.C. § 9601. In addition, all initially-capitalized terms used herein, unless defined in this Supplemental Decree, shall have the meaning provided in the 1992 Consent Decree.

A.      "Aerovox Facility" has the same meaning as "Site" in Paragraph 8.ee. of the *Administrative Settlement Agreement and Order on Consent for Non-Time Critical Removal Action* (CERCLA Docket No. 01-2010-0017) between AVX and EPA, effective June 3, 2010, the text of which is attached hereto as Appendix B.

B.      "New Bedford Harbor Site" or "Site." The definition in the 1992 Consent Decree is unchanged except that the final sentence is deleted and replaced with "The Site does not include any portion of the Aerovox Facility."

C.      "RODs" means the record of decision for OU2 at the New Bedford Harbor Site signed on April 6, 1990, and the record of decision for OU1 at the New Bedford Harbor Site signed on September 25, 1998.

D.      "Superfund Interest Rate" means the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The

7

applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

## **Payment Terms**

7.  Payments Required Under this Supplemental Decree

A.  AVX shall pay $366,250,000, plus interest, in three payments as specified herein to Plaintiffs, to resolve Plaintiffs' claims against AVX, which claims Plaintiffs contend are authorized or provided for in Paragraphs 16 and 18 of the 1992 Consent Decree.

(1)  As an initial payment, within thirty (30) days after the date of entry of this Supplemental Decree, AVX shall pay to Plaintiffs not less than $133,350,000.00, plus interest on $366,250,000 at the Superfund Interest Rate from August 1, 2012 through the date of the initial payment.

(2)  As a second payment, within one year after the date of entry of this Supplemental Decree, AVX shall pay to Plaintiffs not less than the amount that makes the sum of all payments made by AVX through the date of the second payment, exclusive of all interest payments, total not less than $244,166,666.67, plus interest at the Superfund Interest Rate on the unpaid balance from the date of the initial payment or, in the event that one or more prepayment(s) pursuant to Paragraph 7.B. below has been made during the intervening time period, from the date of the immediately prior payment through the date of this second payment.

(3)  As a third and final payment, within two years after the date of entry of this Supplemental Decree, AVX shall pay to Plaintiffs not less than the amount that makes the sum of all payments, exclusive of all interest payments, made by AVX through the date of the third and final payment equal to $366,250,000, plus interest at the

8

Superfund Interest Rate on the unpaid balance from the date of the second payment or, in the event that one or more prepayment(s) pursuant to Paragraph 7.B. below has been made during the intervening time period, from the date of the immediately prior payment through the date of this third and final payment.

B. Notwithstanding the terms of Paragraph 7.A. above, AVX may prepay any scheduled payment, or portion of any scheduled payment, provided that any prepayment includes interest at the Superfund Interest Rate on the unpaid balance from the date of the prior payment through the date of the prepayment.

C. In the event of AVX's failure to make any payment pursuant to Paragraph 7.A. on the date such payment is due, or in the event of AVX's failure to satisfy any of the Financial Guarantee provisions of Paragraphs 11 through 14 of this Supplemental Decree, Plaintiffs jointly or individually may, without notice or demand, declare the entire unpaid balance and any accrued interest and stipulated penalties then unpaid immediately due and payable.

8. Payments pursuant to Paragraph 7 of this Supplemental Decree shall be made to EPA by Fedwire Electronic Funds Transfer ("EFT") to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRYNUS33
> 33 Liberty Street
> New York, NY 10045
> Field Tag 4200 of Fedwire message should read
> "D 68010727 Environmental Protection Agency"

9

9. At the time of any payment, AVX shall send notice that payment has been made

to:

    A.    EPA Region 1 by email at stanley.elainet@epa.gov, and by mail to:

        Elaine T. Stanley
        Remedial Project Manager
        United States Environmental Protection Agency
        Region 1, New England
        5 Post Office Square, Suite 100
        Boston, MA 02109

    B.    EPA Cincinnati Finance Office by email at
        acctsreceivable.cinwd@epa.gov, or by mail to:

        EPA Cincinnati Finance Office
        26 Martin Luther King Drive
        Cincinnati, Ohio 45268

    C.    Commonwealth recipients:

        By mail to:

        Office of the Attorney General
        Chief, Environmental Protection Division
        One Ashburton Place
        Boston, MA 02108

        and

        Chief Financial Officer
        MassDEP
        One Winter Street
        Boston, MA 02108

        and by e-mail to paul.craffey@state.ma.us.

Any notice of payment shall refer to Site/Spill ID Number 0143 and Department of

Justice case number 90-11-2-32/2 for this action, case name: United States and Commonwealth

of Massachusetts v. AVX Corporation, et al., and to MassDEP Release Tracking Number 4-

0000122.

10

10.     Any payments received by EPA, on behalf of Plaintiffs, pursuant to Paragraph 7 above shall be deposited by EPA in the New Bedford Harbor Reopener Special Account to be retained and used to conduct or finance future response actions at or in connection with the Site. If response actions are completed and funds remain in the Special Account, Plaintiffs shall distribute the remaining balance towards their past costs at the Site, pursuant to an agreement between Plaintiffs. If response actions are complete and all past costs have been reimbursed, and all obligations under said agreement between Plaintiffs have been satisfied, remaining funds may be transferred to the EPA Hazardous Substance Superfund.

## Financial Guarantee

11.     AVX shall establish and maintain a financial guarantee in the amount of the outstanding balance due under this Supplemental Decree following AVX's initial payment pursuant to Paragraph 7.A.(1) above, plus accrued and unpaid interest, if any, at the Superfund Interest Rate starting on August 1, 2012, for the sole benefit of Plaintiffs until the final payment is made under Paragraph 7.A.(3) above. Any payments made pursuant to the Financial Guarantee provisions in Paragraphs 11 through 14 of this Supplemental Decree shall be paid to Plaintiffs in accordance with Paragraphs 8 and 9 above, and shall be deposited in accordance with Paragraph 10 above, to be retained and used as provided therein. The financial guarantee, which must be satisfactory in form and substance to Plaintiffs, shall be in the form of one or more of the following mechanisms (provided that, if AVX intends to use multiple mechanisms, such multiple mechanisms shall be limited to surety bonds guaranteeing payment, letters of credit, trust funds, and insurance policies):

A. A surety bond unconditionally guaranteeing payment that is issued by a surety company among those listed as acceptable sureties on federal bonds as set forth in Circular 570 of the U.S. Department of the Treasury;

B. One or more irrevocable letters of credit, payable to or at the direction of Plaintiffs, that is issued by one or more financial institution(s) (1) that has the authority to issue letters of credit and (2) whose letter-of-credit operations are regulated and examined by a federal or state agency;

C. A trust fund established for the benefit of Plaintiffs, that is administered by a trustee (1) that has the authority to act as a trustee and (2) whose trust operations are regulated and examined by a federal or state agency;

D. A policy of insurance that (1) provides Plaintiffs with acceptable rights as a beneficiary thereof, and (2) is issued by an insurance carrier (i) that has the authority to issue insurance policies in the applicable jurisdiction(s), and (ii) whose insurance operations are regulated and examined by a federal or state agency;

E. A demonstration by AVX that it meets the financial test criteria of 40 C.F.R. § 264.143(f), provided that all other requirements of 40 C.F.R. § 264.143(f) are met to Plaintiffs' satisfaction; or

F. A written guarantee executed in favor of Plaintiffs, by one or more of the following: (1) a direct or indirect parent company of AVX, or (2) a company that has a "substantial business relationship" (as defined in 40 C.F.R. § 264.141(h)); provided, however, that any company providing such a guarantee must demonstrate to the satisfaction of Plaintiffs that it satisfies the financial test and reporting requirements for owners and operators set forth in subparagraphs (1) through (8) of 40 C.F.R. § 264.143(f) that it proposes to guarantee hereunder.

12

12. AVX has selected and Plaintiffs have found satisfactory, as an initial financial guarantee, the financial test pursuant to Paragraph 11.E. above in the form attached hereto as Appendix C.1. Within ten (10) days after the date of entry of this Supplemental Decree, AVX shall execute or otherwise finalize all instruments or other documents required in order to make the selected financial guarantee(s) legally binding in a form substantially identical to the document attached hereto as Appendix C.1., and such financial guarantee(s) shall thereupon be fully effective. Within thirty (30) days after the date of entry of this Supplemental Decree, AVX shall submit copies of all executed and/or otherwise finalized instruments or other documents required in order to make the selected financial guarantee(s) legally binding to the EPA Regional Financial Management Officer at 5 Post Office Square, Suite 100, Boston, MA 02109, with a copy to the Regional Administrator at the same address. AVX shall simultaneously submit to Chief Financial Officer, MassDEP, One Winter Street, Boston, MA 02108 a duplicate copy of all submittals to EPA made pursuant to this Paragraph.

13. If, at any time after the date of entry of this Supplemental Decree, AVX provides a financial guarantee by means of a demonstration pursuant to Paragraph 11.E., AVX shall effect, in accordance with the requirements of 40 C.F.R. § 264.143(f), the following:

A. The initial submission of required financial reports and statements from AVX's chief financial officer ("CFO") and independent certified public accountant ("CPA"), in the forms attached hereto as Appendices C.1. and C.3., respectively;

B. The annual resubmission of such documents within ninety (90) days after the close of AVX's fiscal year in the forms attached hereto as Appendices C.2. and C.3.;

C. The prompt notification of EPA after AVX determines that it no longer satisfies the financial test requirements set forth at 40 C.F.R. § 264.143(f)(1), and in any event

13

within ninety (90) days after the close of any fiscal year in which AVX no longer satisfies such financial test requirements; and

    D.  In addition to the initial submission and annual resubmissions from AVX's CFO pursuant to Paragraphs 13.A. and 13.B. above, quarterly certifications (based on the most recent financial statements and in the form attached hereto as Appendix C.4.) indicating that, based on a reasonable inquiry, the CFO is not aware of any transactions or events likely to arise within the next reporting period that would materially impair AVX's ability to make the payments on the outstanding balance. AVX shall simultaneously submit to MassDEP at the address provided in Paragraph 12 above a duplicate copy of all submittals to EPA made pursuant to this Paragraph.

    14.  In the event that Plaintiffs determine at any time that a financial guarantee provided by AVX under Paragraph 11.E. above is inadequate based on the requirements of 40 C.F.R. § 264.143(f) and the Financial Guarantee provisions in Paragraphs 11 through 13 of this Supplemental Decree, or in the event that AVX becomes aware of information indicating that a financial guarantee provided is inadequate or otherwise no longer satisfies the requirements due to any other reason, AVX, within thirty (30) days after receipt of notice of Plaintiffs' determination or, as the case may be, within thirty (30) days after AVX becomes aware of such information, shall obtain and present to Plaintiffs for approval a proposal for a revised or alternative form of financial guarantee listed in Paragraph 11 above that satisfies all requirements set forth in that Paragraph; provided, however, that if AVX cannot obtain such revised or alternative form of financial guarantee within such 30-day period, and provided further that AVX shall have commenced to obtain such revised or alternative form of financial guarantee within such 30-day period, and thereafter diligently proceeds to obtain the same,

Plaintiffs shall extend such period for such time as is reasonably necessary for AVX in the exercise of due diligence to obtain such revised or alternative form of financial guarantee, such additional period not to exceed thirty (30) days.

## Covenants Not To Sue By Plaintiffs

15. In consideration of the payments made pursuant to Paragraph 7 above, and except as specifically provided in Paragraphs 19, 20.A. and 20.B. of the 1992 Consent Decree and Paragraph 16 of this Supplemental Decree:

    A. The United States and the Commonwealth covenant not to sue or to take any other civil judicial or administrative action against AVX as authorized or provided for in Paragraphs 16, 17, and 18 of the 1992 Consent Decree;

    B. The United States and the Commonwealth further covenant not to sue or to take any other civil judicial or administrative action against AVX for claims reserved by Plaintiffs in Paragraphs 20.C. and 20.D. of the 1992 Consent Decree, subject to the further exception of the reservations set forth in Paragraphs 16.C. and 16.D. below; and

    C. Furthermore, the last two sentences of Paragraph 14 of the 1992 Consent Decree shall be deleted and the following sentence added: "These covenants not to sue shall take effect upon receipt by the Plaintiffs of the payments required in Paragraphs 7-13 above."

    D. The covenants not to sue set forth in Paragraphs 15.A. and 15.B. above, and the modification to Paragraph 14 of the 1992 Consent Decree set forth in Paragraph 15.C. above, shall take effect upon AVX's payment of all monetary amounts including interest that are required pursuant to Paragraph 7 above and payment of all interest accrued on late payments and accrued stipulated penalties described in Paragraph 18 below, if any.

15

16.     As to the covenants not to sue in Paragraph 15 above, the United States and the
Commonwealth reserve all rights against AVX with respect to all matters other than those
expressly specified in Paragraph 15 above, including:

A.     Claims based on a failure by AVX to satisfy the requirements of this
Supplemental Decree;

B.     Claims for criminal liability;

C.     Claims arising from the past, present, or future disposal, release or threat
of release of hazardous substances or oil or hazardous materials outside of the New Bedford
Harbor Site; and

D.     Claims arising from the past, present, or future disposal, release or threat
of release of hazardous substances or oil or hazardous materials taken from the New Bedford
Harbor Site (but excluding claims arising from the past, present, or future disposal, release or
threat of release of hazardous substances or oil or hazardous materials taken from the New
Bedford Harbor Site after the date of entry of this Supplemental Decree consistent with Section
122(f)(2)(A) of CERCLA, 42 U.S.C. § 9622(f)(2)(A)).

## Covenants by Defendant AVX

17.     A.     Paragraph 21 in the 1992 Consent Decree is deleted in its entirety and is
replaced with Paragraphs 17.B. through 17.E. in this Supplemental Decree.

B.     AVX hereby releases and covenants not to sue or assert any claims, or to
bring any administrative action, against the United States or the Commonwealth for any claims
arising from the New Bedford Harbor Site or any response actions taken at the Site, including
but not limited to the counterclaims asserted in AVX's Answers to the Complaints, and including
but not limited to any direct or indirect claim pursuant to Section 112 of CERCLA, 42 U.S.C.

16

§ 9612, or pursuant to any other statute, regulation, common law, or legal theory, against the
Hazardous Substances Superfund, for reimbursement relating to the New Bedford Harbor Site,
provided, however, that: (i) in the event that Plaintiffs institute proceedings against AVX
pursuant to Paragraph 19 of the 1992 Consent Decree, AVX reserves the right to reassert the
counterclaim against the U.S. Army Corps of Engineers as set forth in its Answer to the
Complaints solely as, and to the extent of, a setoff against the claims asserted by Plaintiffs; and
(ii) as described in Paragraph 17.E. of this Supplemental Decree, AVX reserves its rights as set
forth in Paragraph 17.E. of this Supplemental Decree. AVX hereby releases and covenants not
to sue or assert any claims, or to bring any administrative action against the United States or the
Commonwealth arising out of the implementation of the RODs, as modified, including the State
enhanced remedy. Nothing in this Supplemental Decree shall be deemed to constitute
preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611.

C. AVX waives any rights it may have to seek judicial or administrative
review of the RODs, as modified, and of any actions taken to implement the RODs, as modified,
including the State enhanced remedy. AVX further waives any direct or indirect claim relating
to the New Bedford Harbor Site pursuant to M.G.L. c. 30, §§ 61-62H and 301 C.M.R. § 11.00 et
seq.

D. AVX waives any rights it may have to seek a setoff or offsets pursuant to
Paragraph 22 of the 1992 Consent Decree; accordingly Paragraph 22 of the 1992 Consent Decree
is deleted.

E. To the extent that the United States or the Commonwealth assert a claim
against AVX for non-compliance with the terms of this Supplemental Decree, AVX reserves its
rights and defenses arising from that claim.

17

## **Stipulated Penalties**

18.     A.     If any payment required by Paragraph 7 of this Supplemental Decree is not made by the date specified in that Paragraph, AVX shall be liable to the United States for interest on 90% of the overdue amount(s), from the time payment was due until full payment is made, at the higher of (1) the rate established by the Department of the Treasury under 31 U.S.C. § 3717 and 4 C.F.R. § 102.13, or (2) ten percent per annum, and AVX shall be liable to the Commonwealth for interest on 10% of the overdue amount(s), from the time payment was due until full payment is made, at the rate set forth in Section 13 of Chapter 21E, Massachusetts General Laws.

        B.     If any payment required by Paragraph 7 of this Supplemental Decree is not made by the date specified therein, AVX shall pay stipulated penalties in the following amounts for each day of each and every violation of said requirements:

| Days of Delay | Penalty Per Violation Per Day |
|---------------|-------------------------------|
| 1-14          | $25,000/day                   |
| 15-30         | $50,000/day                   |
| Beyond 30 Days| $75,000/day                   |

        C.     Stipulated penalties due to Plaintiffs under this Supplemental Decree shall be paid 90% to the United States and 10% to the Commonwealth. Payments to the United States shall be made to the United States Treasury according to EFT instructions to be provided to AVX at the time Stipulated Penalties arise. Payments due to the Commonwealth for accrued interest on late payments and for accrued stipulated penalties shall be made to the Office of the Attorney General, with a copy of such payment to MassDEP, at the addresses listed in Paragraph 9.C. above.

18

D.    Interest and stipulated penalties shall accrue from the due date of the

payment regardless of whether Plaintiffs have notified AVX of the overdue payment. AVX shall

pay any accrued interest on late payments or stipulated penalties that have accrued within fifteen

(15) days after receipt of a demand by the United States or the Commonwealth for payment.

Such demand shall be sent by certified or express mail to: Chief Financial Officer, AVX

Corporation, 1 AVX Boulevard, Fountain Inn, SC 29644. A copy of any demand shall be sent to

counsel for AVX to: Mary K. Ryan and Gary L. Gill-Austern, Nutter, McClennen & Fish,

Seaport West, 155 Seaport Boulevard, Boston, MA 02210. Interest under and stipulated

penalties under this Paragraph do not preclude Plaintiffs from seeking any other remedies or

sanctions that may be available to them on account of AVX's failure to comply with the terms of

this Supplemental Decree.

E.    In calculating its income tax, AVX shall not deduct any penalties under

this Supplemental Decree pursuant to this Paragraph 18.

## Retention of Response Authority

19.    This Supplemental Decree shall not be construed to limit the authority of the

United States or the Commonwealth to take any and all response actions relating to the New

Bedford Harbor Site authorized by federal or state law.

## Compliance with Other Laws

20.    This Supplemental Decree shall not be construed to in any way to relieve AVX or

any other person or entity from the obligation to comply with any federal, state or local law.

19

### Retention of Jurisdiction

21.     The Court shall retain jurisdiction of this matter between Plaintiffs and AVX for the purpose of entering such further orders, direction, or relief as may be appropriate for the construction, implementation, or enforcement of this Supplemental Decree.

### Public Comment

22.     This Supplemental Decree shall be subject to a 30-day public comment period consistent with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if comments regarding this Supplemental Decree disclose facts or considerations which indicate that this Supplemental Decree is inappropriate, improper or inadequate. In the event of the United States' withdrawal from this Supplemental Decree, the Commonwealth reserves its right to withdraw from this Supplemental Decree. The Commonwealth also reserves the right to withdraw or withhold its consent to the entry of this Supplemental Decree if comments received disclose facts or considerations which show that this Supplemental Decree violates State law. In the event of the Commonwealth's withdrawal from this Supplemental Decree, the United States reserves its right to withdraw from this Supplemental Decree. AVX consents to the entry of this Supplemental Decree without further notice.

THE FOREGOING Supplemental Decree among plaintiffs the United States of America

and the Commonwealth of Massachusetts and defendant AVX Corporation in United States v.

AVX Corporation, Civ. No. 83-3882-Y (D. Mass.), is hereby

APPROVED AND ENTERED THIS 19 DAY OF Sept., 2013.

William S. Young

United States District Judge
District of Massachusetts

21

SUPPLEMENTAL CONSENT DECREE: Civ. No. 83-3882-Y (D.Mass.)

FOR THE UNITED STATES:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

JEROME W. MacLAUGHLIN
KEITH T. TASHIMA
BRADLEY L. LEVINE
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044


CARMEN M. ORTIZ
United States Attorney for the
District of Massachusetts

JENNIFER SERAFYN
Assistant United States Attorney
District of Massachusetts
John Joseph Moakley Federal Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

22

SUPPLEMENTAL CONSENT DECREE: Civ. No. 83-3882-Y (D.Mass.)

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:

CURT SPALDING
Regional Administrator, Region 1
U.S. Environmental Protection Agency
5 Post Office Square, Suite 100
Boston, MA 02109

MAN CHAK NG
Senior Enforcement Counsel, Region 1
U.S. Environmental Protection Agency
5 Post Office Square, Suite 100
Boston, MA 02109

23

SUPPLEMENTAL CONSENT DECREE: Civ. No. 83-3882-Y (D.Mass.)

FOR THE COMMONWEALTH OF MASSACHUSETTS:

MATTHEW BROCK
Assistant Attorney General
Environmental Protection Division
One Ashburton Place
Boston, Massachusetts 02108

KENNETH KIMMELL
Commissioner
Department of Environmental Protection
Commonwealth of Massachusetts
One Winter Street
Boston, Massachusetts 02108

SUPPLEMENTAL CONSENT DECREE: Civ. No. 83-3882-Y (D.Mass.)

FOR AVX CORPORATION:

KURT P. CUMMINGS
Chief Financial Officer, Vice President,
  Treasurer and Secretary
AVX Corporation
1 AVX Boulevard
Fountain Inn, SC 29644